UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSUE ALBERTO CARRION
ALVARADO,

Petitioner,

26-CV-352 (JLS)

v.

DIRECTOR, BUFFALO FEDERAL
DETENTION FACILITY;
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE),

Respondents.

_____

## DECISION AND ORDER

*Pro se* petitioner Josue Alberto Carrion Alvarado is detained at the Buffalo Federal Detention Facility and seeks to challenge that detention by filing this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.  Dkt. 1.  He also moved for a Temporary Restraining Order.  Dkt. 2.  Carrion Alvarado is listed as the petitioner in the caption of this petition, but the petition is signed by Juliana Alvarado Pincay, who seeks to proceed as "next friend" on Carrion Alvarado's behalf.  Dkt. 1 at 1.

By **April 1, 2026**, Pincay must file an amended petition demonstrating that she has standing to proceed on behalf of Carrion Alvarado.  Alternatively, Carrion Alvarado may file a petition on his own behalf in a new case.

## DISCUSSION

28 U.S.C. § 2242 provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases.[1] This so-called "next friend status is not automatically given to whomever seeks to pursue habeas relief for another person[;] the next friend must provide an adequate explanation (such as inaccessibility, mental incompetence, or other disability) to justify the intervention[.]" *Clark v. Burge*, No. 06CV658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (capital habeas)); *see also Chinnery by Connally Bey v. Spano*, No. 22-CV-6680 (MKV), 2023 WL 316534, at *1 (S.D.N.Y. Jan. 19, 2023) (discussing "next friend" status in the context of a Section 2241 petition).

"[T]he 'next friend' 'must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate' and 'have some significant relationship with the real party in interest." *In re Flynn*, No. 25-CV-655 (SFR), 2025 WL 1426094, at *1 (D. Conn. May 16, 2025) (quoting *Whitmore*, 495 U.S. at 163-64). "The burden is on the 'next friend' clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* (quoting *Whitmore*, 495 U.S. at 164). Where, as here, "the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to

---

[1] The Rules Governing Section 2254 Cases are made applicable to Section 2241 petitions by Rule 1(b) thereof. *See* Rules Governing § 2254 Cases, Rule 1(b).

2

the 'next friend' device, the court is without jurisdiction to consider the petition[.]" *Clark,* 2007 WL 1199475, at *2 (quoting *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978)).

Pincay's declaration states that she is "the biological mother of Josue Alberto Carrion Alvarado." Dkt. 2 at 2. According to Pincay, on February 19, 2026, her son "was detained by officers of U.S. Immigration and Customs Enforcement (ICE)." *Id.* at 3. She allegedly "was not notified of his detention" or "provided with any explanation for the legal basis of this action." *Id.* Pincay is "deeply concerned about" Carrion Alvarado's "emotional and psychological health while in detention" as he "has always relied on close family support." *Id.* She claims that she is "actively involved in supporting [her] son's legal and personal matters" and that his "continued detention severely limits his ability to communicate, prepare legal filings, and pursue his education." *Id.* Pincay maintains that she submits her affidavit "as part of [her] role as Next Friend, acting in the best interests of [her] son." *Id.*

Even if Pincay sufficiently established that she represents Carrion Alvarado's best interests, she fails to establish that he cannot appear on his own behalf to prosecute this case. *Cf. Bey v. N.Y. City Dep't of Corr.,* No. 13 Civ. 2573 (PAE) (KNF), 2013 WL 5405491, at *2 (S.D.N.Y. Sept. 20, 2013) (determining that there was an adequate explanation why petitioner could not advocate for himself in a habeas proceeding where he was "imprisoned 'under complete lockdown'" and the prospective next friends' attempts to contact petitioner "ha[d] been unsuccessful"),

3

*report & recommendation adopted,* 2013 WL 5952947 (S.D.N.Y. Nov. 7, 2013). A

"lack of access to court cannot be presumed, but must be established." *Ahmed v.*

*Bush,* Civil Action No. 05-665 (RWR), 2005 WL 6066070, at *1 (D.D.C. May 25,

2005); *see also Tarver v. Superintendent,* No. 9:20-CV-0108 (GTS), 2020 WL 586797,

at *2 (N.D.N.Y. Feb. 6, 2020) (requiring "concrete evidence," including

"documentary proof" of the inmate's inability to advocate for himself).

The vague assertion that Carrion Alvarado's "continued detention severely

limits his ability to communicate, prepare legal filings, and pursue his education" is

not sufficient. Nor has Pinay explained how Carrion Alvarado's "emotional and

psychological health" him from accessing the Court. *Tarver,* 2020 WL 586797, at *2

(references to several medical conditions, without corroboration besides "conclusory

statements[,]" is insufficient to demonstrate petitioner was incapable of asserting

his own rights.).

Accordingly, Pincay must file an amended petition demonstrating that she

has standing to proceed as "next friend" to Carrion Alvarado under the standard set

forth in this order. Alternatively, to the extent Carrion Alvarado "believes he is

entitled to habeas relief, [he] may file a petition on his own behalf in a new [case]."

*Pritchard v. Jones,* No. 3:24-CV-1103 (SVN), 2024 WL 3595923, at *2 (D. Conn. July

31, 2024).

## CONCLUSION

For the reasons set forth above, the case is dismissed without prejudice. The

case may be reopened if, by **April 1, 2026**, Pincay files an amended petition

4

demonstrating that she has standing to proceed as Carrion Alvarado's "next friend" under the standard set forth above. Alternatively, Carrion Alvarado may file a petition on his own behalf in a new case.

The Clerk of Court shall send this order, the petition (Dkt. 1), the TRO application (Dkt. 2), and a blank 28 U.S.C. § 2241 petition form to both Carrion Alvarado (at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020) and to Pincay (306 Leighton Ave, Apt. B, Syracuse, N.Y. 13206).

SO ORDERED

Dated:      March 2, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE